

# THE ATTORNEY GENERAL
## OF TEXAS

March 27, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Chet Brooks  
Chairman  
Health and Human Resources Committee  
Texas State Senate  
P. O. Box 12068  
Austin, Texas   78711

Opinion No. JM-658

Re: Authority of the Board of Chiropractic Examiners with regard to administration of its licensing examination

Dear Senator Brooks:

You request our opinion regarding the authority of the Texas Board of Chiropractic Examiners to adopt certain procedures with respect to its licensing examination. Section 12 of article 4512b, V.T.C.S., provides, in pertinent part:

> All examinations for license to practice chiropractic shall be conducted in writing in the English language and in such manner as to be entirely fair and impartial to all applicants. All applicants shall be known to the examiners only by numbers, without names or other method of identification on examination papers by which members of the Board may be able to identify such applicants, or examinees, until after the general averages of the examinees' numbers in the class have been determined, and license granted or refused. Examinations shall be conducted on practical and theoretical chiropractic and in the subjects of anatomy-histology, chemistry, bacteriology, physiology, symptomatology, pathology and analysis of the human spine, and hygiene and public health. <u>Upon satisfactory examination, conducted as aforesaid under the rules of the Board, which shall consist of an average grade of not less than seventy-five per cent (75%) with not less than sixty per cent (60%) in any one subject, applicants shall be granted license to practice chiropractic.</u> . . . (Emphasis added).

The board at present conducts one examination designated "x-ray written" and another designated "x-ray interpretation." The former includes written questions about x-ray technology. The latter, "x-ray interpretation," consists of the applicant's "reading" particular x-rays. The board requires a grade of at least 60% in each of these

two categories, and then averages those grades together with grades in other subject areas. You ask whether the board may properly treat "x-ray written" and "x-ray interpretation" as two distinct subjects for purposes of the 60% grade requirement.

Section 12 does not include "x-rays" among the subjects on which an applicant __must__ be examined, but it is clear that the list specified therein is not exclusive. __See also__ sec. 14b. Moreover, section 12 includes the general subject "pathology and analysis of the human spine." There is, in our opinion, no impediment to the board's conducting an examination on the subject of "x-ray." Nor is there an impediment to the examination consisting of two parts, one theoretical and one practical.

The board may not, however, consider the two parts as two separate subjects for purposes of section 12. The language of the statute requires a grade of at least 60% "in any one __subject__." (Emphasis added.) Although any one subject can be broken down into numerous narrower subjects, we think that "subject" must be given a reasonable construction and that, as a result, "x-rays" constitutes "one subject" only. __See__ sec. 14b. The board is not compelled to structure examinations in any particular way: it may, for example, pose only "interpretation" questions thereon. What it may not do is to divide the one "subject" of "x-rays" into two parts for the purpose of requiring a 60% grade in each.

### S U M M A R Y

The Texas Board of Chiropractic Examiners may not divide the one "subject" of "x-rays" into two parts for the purpose of requiring a 60% grade in each pursuant to section 12 of article 4512b, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General